IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TODD ELLIOTT KOGER,**                )
                                        )
    Plaintiff,                           )
                                        )
v.                                      )    **2:05cv850**
                                        )    **ELECTRONIC FILING**
**ROBERT HALF INTERNATIONAL,**          )
**ROBERT HALF LEGAL,**                  )
**APARNA SHARMA,**                      )
                                        )
    Defendants.                          )

### MEMORANDUM ORDER

AND NOW, this 7th day of March, 2007, upon due consideration of pro se plaintiff's Motion for Contempt Order and Motion to Strike Any Defenses Filed After March 8, 2006, as Untimely, and defendants' response thereto, IT IS ORDERED that the motion (Doc. No. 56) be, and the same hereby is, denied. Plaintiff has failed to identify any proper legal basis for holding defendants in contempt or striking any defense consistent with their answer.

Todd Elliott Koger ("plaintiff"), a pro se litigant with prior legal education who has filed no fewer than six prior actions in this district since 1994 advancing various claims of discrimination, each of which has been adversely resolved against plaintiff for lack of merit, commenced this action seeking injunctive and monetary relief for alleged denial of employment opportunities due to purported race and age discrimination. Plaintiff has developed a personal style and approach to proceeding with the litigation he commences, which style and approach are reflected in record as a whole and the instant motions currently under review. Seizing on what plaintiff believes to be a legal shortcoming in defendant's ability to defend against his selective allegations, plaintiff has filed numerous motions seeking to obtain victory by precluding defendants from advancing any defense to his "claim" of invidious discrimination. To date, plaintiff has filed two motions for summary judgment, several motions *in limine* and the instant motion for Contempt or to preclude defenses not

raised to plaintiff's liking in defendants' response to his second motion for summary judgment, which was filed well before the close of discovery.

The enter premise of plaintiff's motion is unfounded. Defendants responded to plaintiff's motion for sanctions or alternatively for summary judgement (Doc. No. 22) in a timely manner. See Defendants' Brief in Opposition (Doc. No. 25). Therein, they correctly pointed out that plaintiff's motion for summary judgement failed to comply with the case management order (Doc. No. 14) in several respects.[1] Most importantly, plaintiff failed to present undisputed material facts in support of his motion. Merely citing to allegations plaintiff claims he can testify to and placing a zealous interpretation on any evidence or information to the contrary does not present undisputed material facts. Second, plaintiff failed to present clear and concise references to the record to support the "facts" he did advance in his motion. Third, defendants did provide clear and concise references to the record in demonstrating that the facts

---

The court's case management order required any party to present a dispositve motion as follows:

> Each dispositive motion, including motions for summary judgment, shall be accompanied by a concise statement of material facts in numerical form to which the movant asserts there is no material issue for trial. Each statement of fact shall be accompanied by clear and concise references to the parts of the record relied upon to support it. Any response in opposition to the motion shall be accompanied by a counter statement of material facts corresponding to the numbered paragraphs of the movant's statement and identifying all facts to which the respondent contends are contested or otherwise remain in dispute. The counter statement likewise shall contain clear and concise references to the parts of the record relied upon to support the statements of fact therein. The documents, parts or portions of the record relied upon by each party to support their respective statement or counter statement shall be submitted to the Court as an appendix to the motion or response. The failure to support any proposed statement may result in the rejection of the proposition advanced or the reading of the record as presented by the opposing party. In determining a dispositive motion, the Court will assume that facts identified by the movant in its statement of material facts are admitted unless such facts specifically are controverted in the counter statement of material facts.

Case Management Order of October 7, 2005 (Doc. No. 14) at § B, p. 2-3

advanced by plaintiff are at the very least controverted. As a result, defendants met the requirements of this court's case management order in responding to plaintiff's motion – notwithstanding plaintiff's construction of their response. And plaintiff's repeated attempts to extinguish the defenses available to defendants through deadlines connected to discovery or filing deadlines lacks factual and legal merit. Consequently, the court is without justification to sanction defendants for contempt or strike any of their defenses.

                                                    _____
                                                    David Stewart Cercone
                                                    United States District Judge

cc:      Todd Elliott Koger
           515 Kelly Avenue
           Pittsburgh, PA 15221

           Gregory A. Miller, Esquire
           Jaime S. Tuite, Esquire
           Buchanan Ingersoll PC
           20th Floor, One Oxford Centre
           301 Grant Street
           Pittsburgh, PA 15219