IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ELLIOTT KOGER, )
  )
    Plaintiff, )
  )
v. ) **2:05cv850**
  ) **ELECTRONIC FILING**
ROBERT HALF INTERNATIONAL, )
ROBERT HALF LEGAL, )
APARNA SHARMA, )
  )
    Defendants. )

## MEMORANDUM ORDER

AND NOW, this 7th day of March, 2007, upon due consideration of pro se plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Motions *in limine,* briefs in support and defendants' responses thereto, IT IS ORDERED that the motions (Doc. No.s 30, 36, 41, 43, 45, and 47) be, and the same hereby are, denied. Plaintiff has failed to identify any proper legal basis for limiting or excluding defendants' use of the information referenced in the motions.

    Todd Elliott Koger ("plaintiff"), a pro se litigant with prior legal education who has filed no fewer than six prior actions in this district since 1994 advancing various claims of discrimination, each of which has been adversely resolved against plaintiff for lack of merit, commenced this action seeking injunctive and monetary relief for alleged denial of employment opportunities due to purported race and age discrimination. Plaintiff has developed a personal style and approach to proceeding with the litigation he commences, which style and approach are reflected in record as a whole and the instant motions currently under review. Seizing on what plaintiff believes to be a legal shortcoming in defendant's ability to defend against his selective allegations, plaintiff has filed numerous motions seeking to obtain victory by precluding defendants from advancing any defense to his "claim" of invidious discrimination. To date, plaintiff has filed motions *in limine* seeking to exclude (1) any evidence not related to the key employment opportunity plaintiff claims he was wrongfully

denied; (2) any evidence related to the key employment opportunity plaintiff claims he was wrongfully denied; (3) any evidence regarding the eight employment placements in the legal community made by the Pittsburgh Office of Robert Half Legal during the general time frames made relevant by plaintiff's initial allegations; (4) any evidence relating to the job order reports received by defendants from the employers that hired those eight individuals; (5) any evidence from the depositions of plaintiff and defendant Aparna Sharma (plaintiff elected not to attend and participate in the deposition of Aparna Sharma - an attorney and woman of Indian descent whom plaintiff claims harbored racial discriminatory animus against him); and (6) all evidence which defendants agreed to disclose under a confidentiality agreement that plaintiff elected not sign. Each motion was filed after plaintiff became aware that the potential evidence or referenced information might be used by defendants in some way to undermine or demonstrate the inaccuracy of plaintiff's allegations. Defendants note in response that they have complied with each and every discovery obligation to arise in the case and they have every right to use relevant evidence to test and discredit the entirety of plaintiff's claim(s).

    Plaintiff's motions to exclude are premised on a basic misapprehension of the nature of information subject to disclosure under the rules of discovery. Defendants' obligation under the rules of discovery is to produce information and tangible documents and things within the scope of properly formulated discovery requests; they do not have an obligation to identify particular theories of defense in a manner more concrete than set forth in their answer and then explain those defenses and the evidence supporting them to plaintiff's liking. Nor did plaintiff's premature attempts to gain summary judgment create such an obligation. Consequently, plaintiff has identified no operative ground to bar all or any of the facets of defendants' evidence.

    Moreover, plaintiff has failed to identify a single discovery violation to support the relief he seeks. Merely citing to allegations plaintiff claims he can testify to and placing a zealous interpretation on any evidence or information to the contrary does not place defendants in violation of the Federal Rules of Civil Procedure or the orders of record. Mandatory disclosures under Rule 26(a) are focused on the identification of individuals likely

to have discoverable information that a party may use in support or defense of the claims advanced; and documents, data and tangible things in the possession or control of the party that may be used for the same. The obligations thereunder do not require a party to anticipate and disclose in advance the contours of an opposing party's evolving contentions. A party is only required to timely respond to discovery requests and supplement those responses as the claims presumably become more focused and additional information comes to light. This is exactly what the defendants did and they did so in a timely and appropriate manner. And a party's election to forgo engaging in discovery or gaining access to information made available does not become the Sword of Damocles to the opposing party. Consequently, the court is without justification to limit defendants' presentation of their case pursuant to plaintiff's multiple motions *in limine*.

David Stewart Cercone
United States District Judge

cc:  Todd Elliott Koger
515 Kelly Avenue
Pittsburgh, PA 15221

Gregory A. Miller, Esquire
Jaime S. Tuite, Esquire
Buchanan Ingersoll PC
20th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219